Filed 7/3/25  P. v. Love CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONNY LOVE,<br><br>    Defendant and Appellant. | D083938<br><br><br>(Super. Ct. No. SCS279772) |


APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Michaela Dalton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

MEMORANDUM OPINION

Donny Love appeals from a judgment and sentence of 15 years and four months in state prison.  After conducting an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), we affirm.

## I.

### *Procedural Background*

In November 2016, a jury found Love guilty of two counts of robbery (Pen. Code,[1] § 211; counts 1 & 2); one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 3); and two counts of felony failure to appear in court while released on bail (§ 1320.5; counts 5 & 6). The jury found true the allegation that Love had committed the robbery in count 2 to promote a criminal street gang (§ 186.22, subd. (b)(1)). The jury also found true that Love failed to appear in court while released on bail with respect to the felony offenses (§ 12022.1, subd. (b)). Love admitted that he had served a prior prison term and that he had suffered a prior serious felony conviction and a prior strike conviction. (§§ 667.5, subd. (b); 667, subd. (a)(1); 668; 1192.7, subd. (c); 667, subds. (b)–(i); 1170.12.)

The trial court sentenced Love to a total prison term of 23 years and eight months. The sentence consisted of six years (the middle term of three years, doubled for the strike conviction) on count 2; two consecutive 16-month terms (one for the conviction for possession of a firearm in count 3 and one for one of the convictions for felony failure to appear); plus a 10-year enhancement term for the gang enhancement attached to count 2, and a five-year enhancement term for the prior serious felony conviction. A concurrent two-year term was imposed on count 1, sentence on count 6 was stayed pursuant to section 654, and imposition of sentence was stayed on the prior prison term enhancement.

In his direct appeal, we affirmed Love's convictions but vacated his sentence and remanded the matter for resentencing in light of the trial court's new discretion to strike the prior serious felony enhancement under

---

[1]     Undesignated statutory references are to the Penal Code.

2

section 667, subdivision (a), as amended by Senate Bill 1393 (2017–2018 Reg. Sess.).  (*People v. Love* (Sept. 11, 2019, D072312) [nonpub. opn.].)

At the resentencing hearing in July 2020, the trial court imposed " 'all of the terms that were originally imposed' " and struck the serious felony prior enhancement, which carried a five-year prison term.  As a result, Love's new sentence was reduced to 18 years eight months, including still the 10-year gang enhancement under section 186.22, subdivision (b), one-year enhancement for prior prison term under section 667.5, subdivision (b), and other strike prior enhancements.

In his second appeal, we struck Lopez's prior prison term enhancement under section 667.5, subdivision (b), which had been invalidated by Senate Bill No. 136 (2019–2020 Reg. Sess.), and reversed the gang enhancement attached to count 2 because of recent changes to section 186.22 made by Assembly Bill No. 333 (2021–2022 Reg. Sess.).  We remanded the matter to provide the People the opportunity to retry the gang enhancement under amended section 186.22 and instructed the trial court, whether the People elected not to retry the gang enhancement or upon conclusion of a retrial, to conduct a full resentencing hearing.  (*People v. Love* (Apr. 13, 2023, D079950) [nonpub. opn.].)

On the second remand, in September 2023, Love admitted to the gang enhancement under amended section 186.22, subdivision (b)(1), in a plea to the trial court for an indicated sentence in the range of 13 years eight months to 16 years.

At the resentencing hearing in April 2024, Love's counsel requested the trial court impose a sentence of 13 years and eight months, which would require the court to strike the gang enhancement.  The court stated it was "not inclined" to strike the enhancement "in light of [Love's] criminal

conduct" and his "entrenchment in the gang lifestyle." Defense counsel responded she believed the "low term [was] presumptive" because, among other mitigators, (1) Love was 25 years old, "very close to his 26th birthday," at the time he committed the first robbery and (2) he grew up in "an abusive chaotic environment" in which his mother was "an addict" and "he did not have a stable living environment." Counsel also requested the court strike or stay the out-on-bail enhancements pursuant to section 1385. The People agreed with the trial court's indication to not strike the gang enhancement and argued "16 years is appropriate."

The trial court denied the defense motion to dismiss the prior strike conviction and to strike the gang enhancement. The court sentenced Love to 15 years and four months. The sentence consisted of four years (the low term of two years, doubled for the strike conviction) on count 2; a consecutive 10 years on the gang enhancement attached to count 2; and a consecutive 16 months (one third the middle term of two years, double for the strike) on count 3. The court also imposed concurrent terms of four years on count 1, four years on count 5, and four years on count 6 which was stayed pursuant to section 654. The court struck the out-on-bail allegation in count 5 and stayed the punishment for the same allegation in count 2 pursuant to section 654. Last, it struck the section 667, subdivision (a)(1), five-year prior serious felony enhancement.

## II.

### *No Error*

Love's appointed appellate counsel filed a brief raising no issues and invited this court to independently review the record under *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. To assist this court in its review, counsel identified the following issue: "Did the trial court abuse its

4

discretion when it sentenced [Love] to 15 years and 4 months, as opposed to 13 years and 8 months as requested by defense counsel?" We granted Love the opportunity to file a supplemental brief on his own behalf and he has not responded. We have independently reviewed the record and find no reasonably arguable issues that would result in a modification or reversal of the judgment and affirm. Love was competently represented in this appeal.

### III.

### *Disposition*

The judgment is affirmed.


DO, J.

WE CONCUR:


McCONNELL, P. J.


KELETY, J.